IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM MERCER and BARBARA MERCER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 25-cv-289-GLJ ) |
| STATE FARM FIRE AND CASUALTY COMPANY, and CLEMENT SANTINE, | ) ) ) ) ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. Plaintiffs instituted this action in state court in Pittsburg County, Oklahoma against the above-named Defendants. State Farm Fire and Casualty Company removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Docket No. 2. Plaintiffs seek to remand the case to state court for lack of diversity jurisdiction. By consent of the parties, the undersigned has the authority to conduct all proceedings and order the entry of a final judgment in this action in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. For the reasons set forth below, Plaintiffs' Motion to Remand [Docket No. 9] is GRANTED.

## Procedural History

Plaintiffs, Oklahoma residents, filed this action on July 23, 2025, in state court in Pittsburg County, Oklahoma, in Case No. CJ-2025-223. Plaintiffs assert claims against

State Farm for breach of contract and breach of the duty of good faith and fair dealing and against Clement Santine for constructive fraud and negligence. *See* Docket No. 2, Ex. 2. On August 18, 2025, State Farm removed this action based on diversity jurisdiction because Plaintiffs are residents of the State of Oklahoma, and it is a foreign insurance company incorporated in and with its principal place of business in the State of Illinois. *See* Docket No. 2, ¶¶ 3 & 4. Although Santine, who owns and operates Clem Santine Insurance Agency, Inc. in McAlester, Oklahoma, is a resident of the State of Oklahoma, *see* Docket No. 2, Ex. 2 at ¶ 4, State Farm asserts Santine was fraudulently joined by Plaintiffs and, therefore, Santine's domicile should not be considered for diversity jurisdiction purposes. *See* Docket No. 2, ¶ 6. Plaintiffs move to remand, asserting State Farm fails to carry its burden supporting fraudulent joinder.

## Analysis

**I.    Legal Standard**

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional

role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

## II.     Fraudulent Joinder

State Farm removed this action to federal court based on diversity jurisdiction. *See* Docket No. 2. It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). *See* Docket Nos 2, Ex. 2. State Farm argues that diversity exists as Santine is improperly joined because there is no reasonable basis to believe Plaintiffs might succeed in their claim against Santine.

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "To establish fraudulent joinder, the removing

party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)).

State Farm asserts Santine was fraudulently joined under the second prong. In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove Plaintiffs have "*no possibility*" of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id*. at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).[1] Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2

---

[1] *See, e.g.*, *Johnson v. State Farm Fire and Cas. Co.*, 2019 WL 5388521, at *2-3 (N.D. Okla. Oct. 22, 2019) (analysing the difference between the "no possibility of recovery" standard of *Montano* and the "reasonable basis" standard in *Nerad v. AstraZeneca Pharm*, 203 F. Appx. 911, 913 (10th Cir. 2006) and concluding that the "no possibility of recovery" standard in *Montano* is closely tracked by the reasoning in *Dutcher*, 733 F.3d at 988).

(internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

    A.    **Constructive Fraud/Negligent Misrepresentation**

Plaintiffs do not allege Santine negligently procured insurance on their behalf.[2] Instead, Plaintiffs assert in Count II of the Petition a claim against Santine for "constructive fraud and negligence." Although the heading is unclear, in the body of the Petition it appears Plaintiffs are alleging a constructive fraud and negligent misrepresentation claim as, as State Farm argues, those claims are indistinguishable and require the same elements. *See* Docket No. 12, p. 3.

To establish a claim for constructive fraud under Oklahoma law, Plaintiffs must plead and eventually prove that: (1) Santine owed them a "duty of full disclosure"; (2) Santine "misstated a fact or failed to disclose a fact" to Plaintiffs; (3) Santine's

---

[2] Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).

"misstatement or omission was material"; (4) Plaintiffs "relied on [Santine's] material misstatement or omission"; and (5) Plaintiffs "suffered damages as a result of [Santine's] material misstatement or omission." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (internal quotation marks omitted). In *Ford v. Liberty Mut. Ins. Co.*, 2020 WL 259554, at * 3 (W.D. Okla. Jan. 16, 2020), the court concluded that, although the insurance agent had no affirmative duty to advise an insured regarding her insurance needs or explain the coverage afforded under a policy, "Oklahoma law recognizes that a duty to speak may 'arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter.'" (quoting *Specialty Beverages*, 537 F.3d at 1180 (emphasis and internal quotation marks omitted). *See also Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994) (the law imposes a duty to speak from a partial disclosure because "the speaker is under a duty to say nothing or to tell the whole truth" (citation and internal quotation marks omitted); *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350,1353-54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."). As such, "[a] duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth." *Ford*, 2020 WL 259554, at *3 (quoting *Uptegraft*, 764 P.2d at 1353.

While the Petition is not a model of clarity, Plaintiffs allege that, after an investigation into their claim, "Santine told Plaintiffs he could write them a check for

$10,000.00, but Plaintiffs should submit the claim to Defendant State Farm's corporate office so the funds could be issued by Defendant State Farm since the damages exceeded Defendant Santine's authority." *See* Docket No. 2, Ex. 2 at ¶ 8.  Plaintiffs further allege that, "[i]nstead of receiving a check from Defendant State Farm as represented by Defendant Santine, Defendant State Farm has failed to issue any payment regarding the loss." *Id*. at ¶ 9.  Thus, Plaintiffs allege Santine's statements created a false impression the policy would be honored and they would be paid for the damage, and that Santine owed them a duty to act with reasonable care, skill and diligence in advising them. *Id*. at ¶¶ 16 & 17.

State Farm argues that Plaintiffs have not alleged facts supporting a constructive fraud claim.  First, State Farm argues this claim fails because Santine owed no duty to Plaintiffs apart from his duty to acquire the insurance policy they requested and, thus, could not have breached such a duty.  *See* Docket No. 12, pp. 3-4.  State Farm next argues that because promises as to future acts cannot be a basis for a false representation and because Santine was not an adjuster, he had not obligation to advise Plaintiffs as to what State Farm might do with their claim.  *Id*., pp. 4-5.  Both arguments, however, ignore Plaintiffs' allegation that, at least by implication, Santine's statements led them to believe that their claim would be paid by State Farm.  Again, Santine likely had no duty to speak regarding the status of the claim or any payment thereon but having voluntarily spoken on the issue he had a duty to tell Plaintiffs the whole truth.  *See Ford*, 2020 WL 259554, at * 3.  Lastly, State Farm argues that Plaintiffs fail to establish a casual nexus between Santine's statements and Plaintiffs' alleged harm because Santine had no authority to pay.  *Id*., p. 5.

Again, however, Plaintiffs allege Santine's representations led them to believe he had authority to pay up to $10,000 but because the claim was larger payment would have to come from State Farm. Resolving such a question and interpreting the controlling law is the kind of merits determination that should be left to the state court where the action is commenced. *See Montano*, 2000 WL 525592, at *5-6.

Having alleged that Santine made statements to them that could possibly be construed as having mislead them into believing that their claim was approved and would be paid, it is possible that Santine may have breached a duty to them to fully disclose the status of the investigation into the claim and/or whether State Farm had determined whether the claim would be paid. As result, the undersigned Magistrate Judge cannot say with complete certainty that Santine had no duty to notify Plaintiffs the status of the claim, whether he had authority to resolve or approve the claim under their policy, or that he had a duty to disclose to them that the claim had not been approved. Therefore, State Farm fails to carry its heavy burden of showing that there is no possibility of recovery on Plaintiffs constructive fraud/negligent misrepresentation claim and Santine's non-diverse status bars removal to federal court.

Ultimately, the Court need not determine whether Plaintiffs' allegations state a plausible claim against Santine under the *Twombly* standard applicable to a Rule 12(b)(6) defense. *See Johnson*, 2019 WL 5388521, at *3 (citing *Dutcher*, 733 F.3d at 988) ("The question presented by an allegation of fraudulent joinder is not whether a pleading would survive dismissal in federal court; it is whether the plaintiff can establish a cause of action in state court."). In Oklahoma courts, a petition may not be dismissed for failure to state a

claim "unless the allegations show beyond any doubt that the litigant can prove no set of facts that would entitle him to relief." *Id.*, 2019 WL 5388521, at *5 (quoting *Indiana Nat'l Bank v. State Dep't of Hum. Servs.*, 880 P.2d 371, 375-76 (Okla. 1994)).

### B. Limited Jurisdictional Discovery

State Farm moves, in the alternative to remand, for an order allowing it to conduct some limited jurisdictional discovery citing *Misner v. State Farm Fire & Cas. Co.*, 2014 WL 6879094 (W.D. Okla. Dec. 4, 2014), as support for such discovery.[3] State Farm specifically identifies discovery into Santine's authority and whether Santine's representations caused a detriment to Plaintiffs. *See* Docket No. 12, p. 7. Unlike this case, in *Misner*, the notice of removal included 1,100 pages of attachments, addressed complicated issues of the timing of the removal as well as fraudulent joinders, and the case had been litigated in state court for nearly a year. *Misner*, 2014 WL 6879094, at *1. Moreover, as the *Misner* court warned, "a federal court must be careful to avoid permitting a summary process designed to establish jurisdiction from expanding into a resolution of the merits." *Id.*, at *7 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); and *Brazell v. White*, 525 F. App'x 878, 881 (10th Cir. 2013) (the objective of the fraudulent joinder inquiry "is not to pre-try the merits of the plaintiff's claims")). On their face, the areas of proposed discovery go directly to the merits of Plaintiffs' claim against Santine. Therefore, State Farm's request for limited jurisdictional discovery is denied.

---

[3] Generally, each motion must be filed by separate pleading and a response may not include a motion by the responding party. LCvR 7.1(b) & (d).

**Conclusion**

Accordingly, Plaintiffs' Motion to Remand [Docket No. 9] is GRANTED, and this case is REMANDED to the District Court of Pittsburg County, Oklahoma.

**DATED** this 15th day of October, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**